THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORNER COMPUTING SOLUTIONS SP, et al., | No. 2:23-cv-00939 TL |
| Plaintiff, | DEFENDANT GOOGLE'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND INSUFFICIENT SERVICE OF PROCESS |
| v. | |
| GOOGLE LLC, | NOTE ON MOTION CALENDAR: Friday, July 21, 2023 |
| Defendant. | ORAL ARGUMENT REQUESTED |

DEFENDANT GOOGLE'S MOTION TO
DISMISS (NO. 2:23-CV-00939 TL)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

162571785

# TABLE OF CONTENTS

**Page(s)**

I.   INTRODUCTION ................................................................................................. 1

II.   BACKGROUND ................................................................................................. 2

  A.  SUMMARY OF PLAINTIFF'S ALLEGATIONS ........................................... 2

  B.  PROCEDURAL BACKGROUND ..................................................................... 4

III.   LEGAL STANDARD .......................................................................................... 4

IV.   ARGUMENT ....................................................................................................... 5

  A.  PLAINTIFF HAS NOT STATED A CLAIM FOR BREACH OF CONTRACT OR BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING BASED ON GOOGLE'S ALLEGED FAILURE TO REMOVE "SPURIOUS" ONLINE REVIEWS ........ 5

    1.  Plaintiff fails to state a claim for breach of contract with respect to "spurious" online reviews. ................................................................................................. 5

    2.  Plaintiff fails to allege a breach of the implied covenant of good faith and fair dealing claim. ................................................................................................... 7

  B.  PLAINTIFF'S CLAIMS FOR ALLEGEDLY FAILING TO REMOVE "SPURIOUS" THIRD PARTY REVIEWS ON ITS BUSINESS PROFILE ARE BARRED BY SECTION 230 OF THE COMMUNICATIONS DECENCY ACT .................. 7

    1.  Google is a provider of interactive computer services. ..................................... 8

    2.  Plaintiff's state claims seek to treat Google as a "publisher or speaker." ....................... 9

    3.  The information Plaintiff alleges Google published was provided by "another information content provider." .................................................................. 10

  C.  PLAINTIFF HAS NOT STATED A CLAIM FOR BREACH OF CONTRACT OR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING BASED ON GOOGLE ALLEGEDLY BANNING HIS VIRUSTOTAL ACCOUNT .......... 10

  D.  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR INSUFFICIENT SERVICE AND SERVICE OF PROCESS ........................................................... 11

V.   CONCLUSION ................................................................................................... 12

DEFENDANT GOOGLE'S MOTION TO
DISMISS (NO. 2:23-CV-00939 TL) – i

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

162571785

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..................................................................................4, 5, 11

*Barnes v. Yahoo!, Inc.*,
570 F.3d 1096 (9th Cir. 2009) ...........................................................................8, 9

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 ...........................................................................................4, 11

*Bennett v. Google, LLC*,
882 F.3d 1163 (D.C. Cir. 2018)..................................................................................9

*Careau & Co. v. Sec. P. Bus. Credit, Inc.*,
222 Cal. App. 3d 1371 (1990) ...........................................................................7, 11

*Engage BDR v. GoDaddy*,
No. 2:21-cv-02014-JVS, 2021 WL 8820555 (C.D. Cal. Sept. 23, 2021)..............................5, 6

*Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*,
521 F.3d 1157 (9th Cir. 2008) (en banc) ...........................................................................8, 9

*FTC v. Accusearch Inc.*,
570 F.3d 1187 (10th Cir. 2009) ...........................................................................8

*Gonzalez v. Google LLC*,
2 F.4th 871 (9th Cir. 2021), *rev'd on other grounds*, *Twitter, Inc. v. Taamneh*,
598 U.S.—, 143 S.Ct. 1206 (2023)...........................................................................10

*Ivey v. Bd. of Regents of Univ. of Alaska*,
673 F.2d 266 (9th Cir. 1982) ...........................................................................6

*Kaar v. Wells Fargo Bank, N.A.*,
No. C 16-01290 WHA, 2016 WL 3068396 (N.D. Cal. June 1, 2016)..............................6, 7, 11

*Kimzey v. Yelp! Inc.*,
836 F.3d 1263 (9th Cir. 2016) ...........................................................................8

*King v. Facebook*,
845 Fed. App'x 691 (9th Cir. Apr. 29, 2021) ...........................................................................6

DEFENDANT GOOGLE'S MOTION TO
DISMISS (NO. 2:23-CV-00939 TL) – ii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

162571785

*Kwan v. SanMedica Int'l*,
   854 F.3d 1088 (9th Cir. 2017) ........................................................................4

*Levitt v. Yelp! Inc.*,
   No. C 10-1321 MHP, 2011 WL 13153230 (N.D. Cal. Mar. 22, 2011) ....................9

*Lewis v. Google LLC*,
   461 F. Supp. 3d 938 (N.D. Cal. 2020), *aff'd*, 851 F. App'x 723 (9th Cir. 2021) ....................9

*M.L. v. craigslist, Inc.*,
   No. C19-6153 BHS-TLF, 2022 WL 1210830 (W.D. Wash. Apr. 25, 2022)............................8

*Manufactured Home Cmtys., Inc. v. City of San Jose*,
   420 F.3d 1022 (9th Cir. 2005) ........................................................................5

*McClellon v. Citigroup Global Markets, Inc.*,
   No. C18-0978-JCC, 2018 WL 5808440 (W.D. Wash. Nov. 6, 2018).......................................6

*Metera v. Google Inc.*,
   No. 15-CV-04062-LHK, 2016 WL 8200619 (N.D. Cal. Aug. 12, 2016)................................3

*Missouri ex rel. Koster v. Harris*,
   847 F.3d 646 (9th Cir. 2017) ...................................................................7, 10

*Perkins v. LinkedIn Corp.*,
   53 F. Supp. 3d 1190, 1205 (N.D. Cal. 2014) ....................................................3, 4

*Racine & Laramie, Ltd. v. Dept' of Parks & Recreation*,
   11 Cal. App. 4th 1026 (1992) ...................................................................7, 11

*United States v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003) ..........................................................................3

*Univ. of Wash. v. Gov't Employees Ins. Co.*,
   200 Wash. App. 455 (2017)..............................................................................5

*Wall Street Network, Ltd. v. N.Y. Times Co.*,
   164 Cal. App. 4th 1171 (2008) ........................................................................5

**STATUTES**

47 U.S.C. § 230(c)(1)................................................................................8, 9

Section 230 of the Communications Decency Act ....................................... passim

RCW 4.28.180 ....................................................................................11

DEFENDANT GOOGLE'S MOTION TO
DISMISS (NO. 2:23-CV-00939 TL) – iii

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

162571785

**RULES**

Fed. R. Evid. 201(b)(2) ...................................................................................................3, 4

Federal Rule of Evidence 201 .................................................................................................3

Rule 12 ....................................................................................................................................1

Rule 12(b) ...............................................................................................................................4

Rule 12(b)(5) .........................................................................................................................11

Wash. Civ. R. 4(b)(1)–(2) .............................................................................................11, 12

Wash. Civ. R. 4(d)(1), (e)(2) ...............................................................................................11

**OTHER AUTHORITIES**

*Google Business Profile Additional Terms of Service*, GOOGLE.COM,
   https://support.google.com/business/answer/9292476 (last visited June 27,
   2023) ................................................................................................................................3

*Your Business Profile Questions Answers*, GOOGLE.COM,
   http://www.google.com/business/faq (last visited June 16, 2023) ...........................3

*About us*, VIRUSTOTAL.COM,
   https://support.virustotal.com/hc/en-us/categories/360000160117-About-us
   (last visited June 16, 2023) ...........................................................................................4

DEFENDANT GOOGLE'S MOTION TO
DISMISS (NO. 2:23-CV-00939 TL) – iv

162571785

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# I.      INTRODUCTION

Plaintiff Jake Corner and/or Corner Computing Solutions SP ("Plaintiff")[1] brings breach of contract and/or breach of the implied covenant of good faith and fair dealing claims against Defendant Google LLC ("Google"). Plaintiff seeks to hold Google liable for unfavorable online reviews posted by third parties about Plaintiff's business, and for allegedly banning Plaintiff's online account with VirusTotal, which is not even a service offered by Google. Pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(6) and 12(b)(5), Google moves the Court for an order dismissing with prejudice Plaintiff's Complaint for failure to state a claim upon which relief can be granted and for insufficient service of process.

None of Plaintiff's claims against Google can withstand even the most basic scrutiny under Rule 12. Plaintiff first alleges Google breached some unspecified contract by choosing not to remove unfavorable reviews on Plaintiff's Google Business Profile. Yet Plaintiff does not identify the contract, let alone the specific contractual term, on which its claim is based. Plaintiff also does not allege how Google's conduct amounts to a breach of any such contract. Nor has Plaintiff plausibly alleged how Google could have breached the implied covenant of good faith and fair dealing.

Even if Plaintiff's allegations regarding third-party reviews posted online could somehow be re-alleged to meet basic pleading standards, the claims must be dismissed in any event. Section 230 of the Communications Decency Act ("CDA") has consistently and uniformly been held to preclude litigants from holding an interactive computer service—such as Google—liable for content authored by others.

---

[1] The Complaint is ambiguous as to whether this action is brought on behalf of the entity Corner Computing Solutions SP, individually on behalf of its alleged sole proprietor, Jake Corner, or on behalf of both. For purposes of this motion, unless otherwise noted, Defendant Google LLC refers to both the entity and individual collectively as Plaintiff.

DEFENDANT GOOGLE'S MOTION TO
DISMISS (NO. 2:23-CV-00939 TL) – 1

162571785

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

As to Plaintiff's breach of contract claim premised on Google's alleged banning of a "DALEJAKECORNER" VirusTotal account—it fails for similar reasons. At the outset, Plaintiff has not alleged any facts showing that Google operates VirusTotal or that Google even has the ability to ban a VirusTotal account.[2] Thus, Plaintiff's allegation that Google somehow banned his VirusTotal account is not plausible. Additionally, the Complaint again fails to identify the applicable contract, or any specific contractual terms that Google breached, or a plausible theory under which the implied covenant of good faith and fair dealing could have been breached.

Finally, Plaintiff failed to effect proper service of the summons and Complaint on Google, serving it only via certified mail, which is insufficient under Washington civil rules.

For these reasons, Google respectfully requests that Plaintiff's claims be dismissed without leave to amend.

## II.      BACKGROUND

### A.    SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff Corner Computer Solutions is a sole proprietorship owned by Dale Jake Corner. Compl., ¶ 1.A. Plaintiff alleges that Google violated its own policy when it refused to remove negative online reviews about Plaintiff's business. *See id.* ¶¶ 2.1 & 3 (citing "Exhibit A: Page 1 through 27" and "Exhibit B: Page 1 through 7"); *see* Dkt. 6 at 13 (Google Business Profile for "Corner Computing Solutions" part of Exhibit A). Although Plaintiff alleges that it entered into a contract with Google "at the creation of the Google AdWords and business account for 'Corner Computing Solutions'," Plaintiff's allegations appear to relate to its Google Business Profile, not Google AdWords.[3] *Id.* ¶ 2.a. A Google Business Profile is a free online tool that allows businesses

---

[2] Although there is a corporate relationship between Google LLC and VirusTotal, Plaintiff does not allege any overlap in the operation of the two entities, or otherwise plausibly allege that Google played any role in any alleged actions taken with respect to Plaintiff's VirusTotal account.

[3] Although the Complaint does not explicitly refer to Google Business Profile, the Complaint cites and therefore incorporates by reference Exhibits A–C. *See* Dkt. 6 at 11–49 (Exhibits A–C). Exhibits A and B appear to be screenshots of the Corner Computing Solutions Google Business Profile and reviews related to the same. *Id.* at 13, 20–41. The Court may consider Plaintiff's Google Business Profile as information incorporated into the Complaint by reference. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may, . . . consider certain

DEFENDANT GOOGLE'S MOTION TO
DISMISS (NO. 2:23-CV-00939 TL) – 2

162571785

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

to, among other things, manage how they appear on Google Search and Maps, connect with customers, post updates, list products and services, and respond to reviews about the business. *Your Business Profile Questions Answers*, GOOGLE.COM, http://www.google.com/business/faq (last visited June 16, 2023). Any business that uses Google Business Profile must agree to the Google Terms of Service, as well as the Google Business Profile Additional Terms of Service.[4] *Google Business Profile Additional Terms of Service*, GOOGLE.COM, https://support.google.com/business/answer/9292476 (last visited June 27, 2023) ("To use Google Business Profile or any related services, features, and functionality . . . you must accept (1) the Google Terms of Service, and (2) these Business Profile Additional Terms of Service").[5]

According to Plaintiff, there are reviews on his Google Business Profile that are "spurious 'Fake Engagement' and or 'Misrepresentation' reviews" that violate Google's "Prohibited and restricted content" policy. Compl., ¶¶ 2.1–2.2. Plaintiff alleges that despite Google having been "notified of the situation via their own forms and contact procedures," Google has chosen not to remove the reviews. *Id.* ¶¶ 2.2–2.3. Plaintiff does not allege which reviews were "spurious," who determines whether a review is "spurious," how spurious reviews violate Google's "Prohibited and restricted content" policy, or what that voluntary policy even requires of Google with respect to those reviews.

Plaintiff also alleges that Google "banned" a "DALEJAKECORNER" account on VirusTotal. *Id.* ¶ 4. VirusTotal is not a service offered by Google. Rather, it is a service offered by

---

materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment. . . . Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.").

[4] The Court may take judicial notice of these facts from Google's public website pursuant to Federal Rule of Evidence 201, which permits the Court to judicially notice any facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *e.g.*, *Metera v. Google Inc.*, No. 15-CV-04062-LHK, 2016 WL 8200619, at *5 (N.D. Cal. Aug. 12, 2016) (finding Google's public terms are the proper subject of judicial notice).

[5] *See* Fed. R. Evid. 201(b)(2); *e.g.*, *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1205 (N.D. Cal. 2014) (taking judicial notice of publicly accessible websites).

DEFENDANT GOOGLE'S MOTION TO
DISMISS (NO. 2:23-CV-00939 TL) – 3

162571785

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

a separate entity that analyzes files and URLs for viruses, worms, trojans and other kinds of malicious content. *About us*, VIRUSTOTAL.COM, https://support.virustotal.com/hc/en-us/categories/360000160117-About-us (last visited June 16, 2023).[6] Plaintiff does not allege how Google could have "banned" his account on a service that Google does not operate, nor does he allege how such purported conduct could amount to a breach of any contract or a breach of the implied covenant of good faith and fair dealing.

Plaintiff's Complaint seeks $150 million in damages and attorney's fees and costs. Dkt. 1-1, ¶ 3. Plaintiff's Complaint also asks the Court to order Google to (i) remove all 1-star reviews from Plaintiff's Google Business Profile, (ii) reinstate the "DALEJAKECORNER" VirusTotal account, and (iii) ban "the offending 'Trolls'" on VirusTotal. *Id.*

## B.   PROCEDURAL BACKGROUND

Plaintiff filed its complaint in Washington state court on May 1, 2023. Dkt. 1-1. On May 11, Plaintiff mailed a copy of the complaint and a summons to Google LLC in California. Dkt. 6 at 50–51. On June 22, 2023, before Google had been properly served with summons or the Complaint, Google filed a notice of removal based on this Court's diversity jurisdiction. Dkt. 1. Google now moves to dismiss Plaintiff's claims.

## III.   LEGAL STANDARD

Dismissal under Rule 12(b) is proper when the complaint lacks a "cognizable legal theory" or "fails to allege sufficient facts to support a cognizable legal theory." *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). Although factual allegations in a complaint are assumed to be true, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544. 570 (2007)). A claim lacks facial plausibility when the plaintiff does not plead factual content that allows the court to draw the reasonable inference that

---

[6] *See* Fed. R. Evid. 201(b)(2); *see* Fed. R. Evid. 201(b)(2); *e.g.*, *Perkins*, 53 F. Supp. 3d at 1205 (taking judicial notice of publicly accessible websites).

DEFENDANT GOOGLE'S MOTION TO
DISMISS (NO. 2:23-CV-00939 TL) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

the defendant is liable for the misconduct alleged. *Id.* at 678. Factual content does not include allegations that are conclusory or speculative or that require the court to draw unreasonable or unwarranted factual inferences. *Manufactured Home Cmtys., Inc. v. City of San Jose*, 420 F.3d 1022, 1035 (9th Cir. 2005).

## IV.     ARGUMENT

### A.     PLAINTIFF HAS NOT STATED A CLAIM FOR BREACH OF CONTRACT OR BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING BASED ON GOOGLE'S ALLEGED FAILURE TO REMOVE "SPURIOUS" ONLINE REVIEWS

Plaintiff asserts that Google breached a contract and breached the implied covenant of good faith and fair dealing by refusing to remove "spurious" online reviews from Plaintiff's Google Business Profile. Compl., ¶ 2.1 (incorporating Dkt. 6 at 13, 20–41). These claims fail on their face and should be dismissed.

#### 1.     PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT WITH RESPECT TO "SPURIOUS" ONLINE REVIEWS.

Despite Plaintiff's conclusory allegations that Google breached a contract by refusing to remove "spurious" reviews about Plaintiff, Plaintiff fails to identify any contractual provision that requires Google to remove such reviews. A plaintiff asserting a breach of contract claim must allege: "(1) the contract, (2) the plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the [resulting] damage to plaintiff . . . ." *Wall Street Network, Ltd. v. N.Y. Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008); *see also Univ. of Wash. v. Gov't Employees Ins. Co.*, 200 Wash. App. 455, 467 (2017).

Plaintiff's Complaint fails on at least the first and third elements. "A complaint for breach of contract must include the contract itself or plead its essential terms," *Engage BDR v. GoDaddy*, No. 2:21-cv-02014-JVS (ASx), 2021 WL 8820555, at *2 (C.D. Cal. Sept. 23, 2021) (citation and quotations omitted), and "must identify with specificity the contractual obligations allegedly breached by the defendant," *Kaar v. Wells Fargo Bank, N.A.*, No. C 16-01290 WHA, 2016 WL 3068396, at *1 (N.D. Cal. June 1, 2016) (citation omitted). Where a plaintiff fails to do so,

DEFENDANT GOOGLE'S MOTION TO
DISMISS (NO. 2:23-CV-00939 TL) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

dismissal is proper. *See, e.g.*, *McClellon v. Citigroup Global Markets, Inc.*, No. C18-0978-JCC, 2018 WL 5808440, at *5 (W.D. Wash. Nov. 6, 2018) (citing *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)) (dismissing pro se breach of contract claim because "the Court cannot infer an essential element of a claim that is not sufficiently pled"); *King v. Facebook*, 845 Fed. App'x 691, 692 (9th Cir. Apr. 29, 2021) (affirming dismissal of pro se action because plaintiff failed to allege sufficient facts to state a plausible claim for breach of contract or the breach of the implied covenant of good faith and fair dealing).

Plaintiff does not identify the specific contract, let alone the specific contractual obligations, that it contends Google breached. Plaintiff alleges only that Plaintiff and Google entered into a contract at "the creation of Google AdWords and business account for 'Corner Computing Solutions.'" Compl., ¶ 2.1. Plaintiff's reference to Google AdWords is confusing, as none of Plaintiff's allegations relate to AdWords. Rather, Plaintiff's allegations relate to reviews on his Google Business Profile, which are subject to the Google Terms of Service and the Google Business Profile Additional Terms of Service. *Supra* Part II.A. And nothing in the applicable terms requires Google to remove reviews at Plaintiff's request.

Plaintiff's vague references to Google's "Prohibited and Restricted Content" policy do nothing to advance Plaintiff's claims. Plaintiff alleges that Google refused to remove reviews about Plaintiff that "meet[] the guidelines for removal" under Google's "Prohibited and Restricted Content" policy. Compl., ¶¶ 2.1–2.2. But it is not clear from Plaintiff's allegations what "policy" is at issue, or whether it is part of any contract between the parties. And most importantly, it is not clear that such policy imposes any obligation on Google to remove reviews at Plaintiff's request.

Plaintiff's conclusory and vague allegations come nowhere close to alleging the specificity that is required for breach of contract claims and must be dismissed. *See Engage BDR*, 2021 WL 8820555 at *2; *Kaar*, 2016 WL 3068396 at *1. And because the applicable terms of service do not obligate Google to remove reviews, re-pleading would be futile. *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017).

DEFENDANT GOOGLE'S MOTION TO
DISMISS (NO. 2:23-CV-00939 TL) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

162571785

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

**2.      PLAINTIFF FAILS TO ALLEGE A BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING CLAIM.**

To the extent Plaintiff attempts to allege a separate claim for breach of the implied covenant of good faith and fair dealing, the Court should dismiss that claim as well for the same reasons. It is well settled that courts may "disregard as superfluous" a good faith and fair dealing claim that relies "on the same alleged acts [or] simply seek[s] the same . . . relief already claimed in a companion contract cause of action." *Careau & Co. v. Sec. P. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990); *see also Kaar*, 2016 WL 3068396 at *2 (dismissing breach of implied covenant of good faith and fair dealing where "[p]laintiffs make no separate factual claims" for such a breach). Plaintiff's good faith and fair dealing claim is based on the same vague allegations as its breach of contract claim—that Google improperly refused to remove unfavorable online reviews, Compl., ¶ 2.2, and thus fails for the same reasons.

Moreover, an implied covenant of good faith and fair dealing cannot create obligations that are inconsistent with the terms of the parties' contract. *Racine & Laramie, Ltd. v. Dept' of Parks & Recreation*, 11 Cal. App. 4th 1026, 1031–32 (1992) ("The covenant of good faith is read into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose."). Under the applicable terms of service, Google has no obligation to remove unfavorable online reviews, whether on its own or at a user's request. Thus, Plaintiff's claim fails as a matter of law and should be dismissed.

**B.      PLAINTIFF'S CLAIMS FOR ALLEGEDLY FAILING TO REMOVE "SPURIOUS" THIRD PARTY REVIEWS ON ITS BUSINESS PROFILE ARE BARRED BY SECTION 230 OF THE COMMUNICATIONS DECENCY ACT**

Plaintiff's breach of contract and breach of the implied covenant of good faith and fair dealing claims based on Google's alleged refusal to remove certain negative online reviews from Plaintiff's Google Business Profile fail for the independent reason that they are barred by Section 230 of the CDA. Section 230 provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information

DEFENDANT GOOGLE'S MOTION TO
DISMISS (NO. 2:23-CV-00939 TL) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

content provider." 47 U.S.C. § 230(c)(1). An "interactive computer service" is defined as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server." *Id.* § 230(f)(2). An "information content provider," is defined as someone who is "responsible, in whole or in part, for the creation or development of" the offending content. *Id.* § 230(f)(3). Section 230 goes on to state, "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." *Id.* § 230(e)(3).

The Ninth Circuit has held that Section 230 immunizes "from liability (1) a provider or user of an interactive computer service (2) whom a plaintiff seeks to treat, under a state law cause of action, as publisher or speaker (3) of information provided by another information content provider." *Kimzey v. Yelp! Inc.*, 836 F.3d 1263, 1268 (9th Cir. 2016) (quoting *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1099 (9th Cir. 2009)); *see M.L. v. craigslist, Inc.*, No. C19-6153 BHS-TLF, 2022 WL 1210830, at *14 (W.D. Wash. Apr. 25, 2022). Any state claim asserting that an interactive computer service provider is "liable in its well-known capacity as the passive host of a forum for user reviews" is "a claim without any hope." *Kimzey*, 836 F.3d at 1265. Providing a forum for online business reviews, "on which Internet subscribers post comments and respond to comments posted by others," is the "prototypical service qualifying for [CDA] immunity." *Id.* at 1266 (quoting *FTC v. Accusearch Inc.*, 570 F.3d 1187, 1195 (10th Cir. 2009)). Plaintiff's claims against Google fall squarely within the scope of CDA immunity.

### 1.     GOOGLE IS A PROVIDER OF INTERACTIVE COMPUTER SERVICES.

Section 230 applies because Google is a provider of interactive computer services. Any website operator that "passively displays content that is created entirely by third party . . . is only a service provider with respect to that content." *Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1162 (9th Cir. 2008) (en banc). The Ninth Circuit and many other courts have found that Google qualifies as an 'interactive computer service' provider because it 'provides or enables computer access by multiple users to a computer server.'" *Bennett v.*

DEFENDANT GOOGLE'S MOTION TO
DISMISS (NO. 2:23-CV-00939 TL) – 8

162571785

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

*Google, LLC*, 882 F.3d 1163, 1167 (D.C. Cir. 2018); *see, e.g.*, *Lewis v. Google LLC*, 461 F. Supp. 3d 938, 954 (N.D. Cal. 2020) (collecting cases), *aff'd*, 851 F. App'x 723 (9th Cir. 2021). Plaintiff cannot reasonably dispute that Google meets the definition of "interactive computer service provider" under Section 230. *See* 47 U.S.C. § 230(c)(1).

### 2. PLAINTIFF'S STATE CLAIMS SEEK TO TREAT GOOGLE AS A "PUBLISHER OR SPEAKER."

Section 230 precludes liability for Plaintiff's breach of contract and good faith and fair dealing claims because Plaintiff treats Google as a "publisher or speaker." Publication under the CDA "involves reviewing, editing, and deciding whether to publish or *to withdraw from publication* third-party content." *Barnes*, 570 F.3d at 1102 (emphasis added). Courts "have insisted that Section 230 protects from liability 'any activity that can be boiled down to deciding whether to exclude material that third parties seek to post online." *Id.* at 1103 (quoting *Roommates*, 521 F.3d at 1170–71).[7] At bottom, Plaintiff's claims are that Google allegedly refused to take down "spurious" reviews about Plaintiff left by third parties. Compl., ¶¶ 2.1–2.2 (citing Exs. A–B); *see also* Dkt. 6 at 10–31. Plaintiff's claims are unmistakably directed against Google in its capacity as a publisher and are therefore within the scope of Section 230. *See, e.g.*, *Levitt v. Yelp! Inc.*, No. C 10-1321 MHP, 2011 WL 13153230, at *8 (N.D. Cal. Mar. 22, 2011) (citing 47 U.S.C. § 230(c)(1)) (holding that state claim "premised on Yelp's failure to remove negative reviews . . . is clearly immunized by the CDA").

---

[7] Although the Ninth Circuit recognizes a Section 230 carve-out for claims sounding in breach, that only applies where the provider of interactive computer services has a "manifest intention to be legally obligated to do something, [such as] removal of material from publication." *See id.* at 1108–09. But as described above, *supra* Part IV.A, Plaintiff fails to allege the essential terms of the contract and certainly does not allege Google promised to remove any reviews. Without a legally enforceable promise by Google that fits the carve-out, Section 230's protection must be applied to Plaintiff's breach of contract and good faith and fair dealing claims. *See Barnes*, 570 F.3d at 1108–09.

DEFENDANT GOOGLE'S MOTION TO
DISMISS (NO. 2:23-CV-00939 TL) – 9

162571785

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax:  206.359.9000

**3.      THE INFORMATION PLAINTIFF ALLEGES GOOGLE PUBLISHED WAS PROVIDED BY "ANOTHER INFORMATION CONTENT PROVIDER."**

The "spurious" reviews underlying Plaintiff's breach of contract claim were provided by another information content provider, not Google. Plaintiff bases its claim on the negative online reviews created by unnamed third-party reviewers. Compl., ¶¶ 2.1–2.2. Plaintiff does not allege that Google authored the reviews or had any role in creating them; Plaintiff alleges that Google chose not to or refused to remove the reviews. *Id.* Those online reviews about Plaintiff constitute information created by a content provider other than Google. *See, e.g.*, *Gonzalez v. Google LLC*, 2 F.4th 871, 893 (9th Cir. 2021), *rev'd on other grounds*, *Twitter, Inc. v. Taamneh*, 598 U.S.—, 143 S.Ct. 1206 (2023) ("Plainly, an interactive computer service does not create or develop content by merely providing the public with access to its platform.").

*          *          *

Because Plaintiff's breach of contract and good faith and fair dealing claims related to the negative online reviews meet all three factors for CDA immunity, Plaintiff cannot prevail on those claims as a matter of law and re-pleading would be futile. *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017). The Court should dismiss those claims with prejudice.

**C.      PLAINTIFF HAS NOT STATED A CLAIM FOR BREACH OF CONTRACT OR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING BASED ON GOOGLE ALLEGEDLY BANNING HIS VIRUSTOTAL ACCOUNT**

Plaintiff also fails to state a claim against Google for breach of contract or breach of the implied covenant of good faith and fair dealing for allegedly banning Plaintiff's "Virus Total" account. *See* Compl. ¶ 2.4.[8]

---

[8] To the extent Plaintiff also alleges that Google breach an alleged contract or the implied covenant of good faith and fair dealing by declining to remove "spurious" comments on VirusTotal, those claims also fail as a matter of law for the same reasons the unfavorable online reviews about Plaintiff's Google Business Profile fail because the decisions not to remove the third-party comments are protected by Section 230 of the CDA. *Supra* Part IV.B.

DEFENDANT GOOGLE'S MOTION TO
DISMISS (NO. 2:23-CV-00939 TL) – 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

As an initial matter, Plaintiff has not alleged that VirusTotal is even a product or service offered by Google, such that Google would have the ability to ban his account. Without more, Plaintiff's allegation that Google banned his VirusTotal account is simply not plausible. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Even if Plaintiff had plausibly alleged that Google banned his VirusTotal account, Plaintiff has not alleged the elements of breach of contract or breach of the implied covenant of good faith and fair dealing. With respect to breach of contract, Plaintiff does not allege what specific contract it contends applies to its use of VirusTotal, whether such contract imposes any obligations on Google, and if so, what those obligations are. Plaintiff's failure to identify any contract and the essential terms or obligations that Google purportedly breached warrant dismissal.

Plaintiff's vague reference to the implied covenant of good faith and fair dealing does not save his claim. The implied covenant of good faith and fair dealing protects express covenants and promises only, *see Racine & Laramie*, 11 Cal. App. 4th at 1031–32, and as discussed above, Plaintiff has not identified any express promise that Google has breached. Further, Plaintiff asserts no new or different facts to support a good faith and fair dealing claim, making it duplicative of Plaintiff's breach of contract claim, and providing yet another ground for dismissal. *Careau & Co.*, 222 Cal. App. 3d at 1395; *see also Kaar*, 2016 WL 3068396 at *2.

### D. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR INSUFFICIENT SERVICE AND SERVICE OF PROCESS

Plaintiff's Complaint should also be dismissed under Rule 12(b)(5) for Plaintiff's failure to effect proper service of the summons and Complaint on Google. For proper service, Washington law requires that a summons and a complaint be personally served together on out-of-state defendants unless a court orders alternative means. RCW 4.28.180; *see also* Wash. Civ. R. 4(d)(1), (e)(2). The content of the summons must also comply with Washington civil procedure rules. *Id.* at 4(b)(1)–(2). Plaintiff's service fails both requirements.

DEFENDANT GOOGLE'S MOTION TO
DISMISS (NO. 2:23-CV-00939 TL) – 11

162571785

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

There is no dispute that Plaintiff did not personally serve out-of-state defendant Google. Dkt. 6 at 50–54 (Return of Service). Instead, Plaintiff mailed a copy of the state-filed Complaint and a federal summons to Google at its California address. *Id.* at 4, 50–54. That is plainly insufficient under Washington law.

Moreover, the summons that Google received by mail is defective. For example, Plaintiff's summons cites the wrong response time (for a properly served summons and complaint) and describes response procedures under the Federal Rules of Civil Procedure rather than Washington civil procedure. *Compare id.* at 4, *with* Wash. Civ. R. 4(b)(1)–(2).

Plaintiff's failure to properly serve Google with the summons and Complaint is yet another basis for dismissal.

## V.  CONCLUSION

For the reasons set forth above, the Court should dismiss all claims in Plaintiff's Complaint against Google with prejudice.

DEFENDANT GOOGLE'S MOTION TO
DISMISS (NO. 2:23-CV-00939 TL) – 12

162571785

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

RESPECTFULLY SUBMITTED this 29th day of July, 2023.

s/Cara Wallace
Cara Wallace, WSBA No. 50111
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
E-mail:  CWallace@perkinscoie.com

Sunita Bali (*Pro Hac Vice application
forthcoming*)
**Perkins Coie LLP**
505 Howard Street, Suite 1000
San Francisco, CA 94105
Telephone:  415.344.7000
Facsimile:  415.344.7050
E-mail:  SBali@perkinscoie.com

Attorneys for Defendant Google LLC

DEFENDANT GOOGLE'S MOTION TO
DISMISS (NO. 2:23-CV-00939 TL) – 13

162571785

The Honorable Tana Lin

1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
8                                     AT SEATTLE

9   CORNER COMPUTING SOLUTIONS            No. 2:23-cv-00939 TL
    SP, et al.,
10                                        CERTIFICATION OF CONFERRAL
                    Plaintiff,
11
           v.
12
    GOOGLE LLC,
13
                    Defendant.
14

15         I, Cara Wallace, hereby certify as follows:

16         1.      I am an attorney with Perkins Coie LLP and represent Defendant Google LLC in

17  the above-captioned case.

18         2.      On June 26, 2023, Defendant received an electronic filing notice that the above-

19  captioned case was assigned to Judge Tana Lin, upon which Defendant reviewed Judge Lin's

20  Standing Order on All Civil Cases.

21         3.      On June 26, 27, and 28, the parties met and conferred telephonically and via email

22  regarding Defendant's motion to dismiss to determine whether the motion could be avoided by

23  an amended complaint but were unable to reach agreement.

24

25

26  CERTIFICATION OF CONFERRAL
    (NO. 2:23-CV-00939 TL) – 1                          **Perkins Coie LLP**
                                                    1201 Third Avenue, Suite 4900
                                                      Seattle, WA  98101-3099
                                                       Phone:  206.359.8000
                                                        Fax:  206.359.9000

    162755776

1    Dated this 29th day of June, 2023.

2

3                                        s/Cara Wallace
                                         Cara Wallace, WSBA No. 50111
4                                        **Perkins Coie LLP**
                                         1201 Third Avenue, Suite 4900
5                                        Seattle, WA  98101-3099
                                         Telephone:  206.359.8000
6                                        Facsimile:  206.359.9000
                                         E-mail:  CWallace@perkinscoie.com
7
                                         Sunita Bali (*Pro Hac Vice application*
8                                        *forthcoming*)
                                         **Perkins Coie LLP**
9                                        505 Howard Street, Suite 1000
                                         San Francisco, CA 94105
10                                       Telephone:  415.344.7000
                                         Facsimile:  415.344.7050
11                                       E-mail:  SBali@perkinscoie.com

12                                       Attorneys for Defendant Google LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATION OF CONFERRAL
(NO. 2:23-CV-00939 TL) – 2

162755776

**CERTIFICATE OF SERVICE**

I certify that on June 29, 2023, I electronically filed DEFENDANT GOOGLE'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND FOR IMPROPER SERVICE OF PROCESS with the Clerk of the Court using the CM/ECF system.

And I hereby certify that I have caused the following non-CM/ECF participant to be served the foregoing by the method(s) indicated:

Dale Jake Corner
22823 - 14th Pl. West
Bothell, WA 98021

     ___  Via hand delivery
     _X_  Via U.S. Mail, 1st Class, Postage Prepaid
     ___  Via Overnight Delivery
     ___  Via Facsimile
     ___  Via Email
     ___  Other: _____

DATED this 29th day of June, 2023.

s/Cara Wallace
Cara Wallace, WSBA No. 50111
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
E-mail:  CWallace@perkinscoie.com

CERTIFICATE OF SERVICE
(NO. 2:23-CV-00939 TL) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

162571785