THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORNER COMPUTING SOLUTIONS SP, et al., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | No. 2:23-cv-00939 TL <br><br> **JOINT STATUS REPORT** |

Pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 26(f), and the Court's Order dated June 28, 2023, Dkt. 9, the parties submit the following Joint Status Report and Discovery Plan.

1. <u>Nature and complexity of the case</u>.

    (A) <u>Plaintiff's Statement</u>: Google LLC via not dealing in a fair and timely manner and in good faith (by ignoring facts I gave them in the statements for review removal) with the initial review removal request and the escalation of that request; has breached the covenant of good faith and fair dealing. Google LLC ignored communications via the escalation and the initial review removal request for more than 3 months. They ignored their own agreements for content removal, which the 1 star reviews meet via their

JOINT STATUS REPORT – 1
(No. 2:23-cv-00939 TL)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

162925074.5

"Fake Engagement" policy and other content removal sections and subsections of that policy. Third, Google LLC acted with undue prejudice and unfairly specifically on the CORNER SOLID SOLUTIONS account which had "Fake Engagement" reviews removed, but not on the CORNER COMPUTING SOLUTIONS account. Even though those reviews were left by the same accounts with similar content. Again meeting the "Fake Engagement" standard and other standards.

The summary claims are that one, GOOGLE LLC did not act in a fair and timely manner and in good faith of the escalation and statements given by CORNER COMPUTING SOLUTIONS about the 1 star reviews.

Two GOOGLE LLC ignored communications and requests and escalation for an unfair amount of time.

Three, GOOGLE LLC acted unfairly with the CORNER COMPUTING SOLUTIONS account by not removing "Fake Engagement" reviews that were removed from the CORNER SOLID SOLUTIONS account.

Four, GOOGLE LLC did not keep good faith by breaching their own policy on content removal of GOOGLE REVIEW and AD WORDS otherwise GOOGLE ADS accounts. They ignored my statements of how these were not customers of mine and that I never had any real customer engagement with the accounts that left the one star reviews within a short time frame. Instead of communicating with me about the matter in a constructive way.

(B) <u>Defendant's Statement</u>: This case was brought by a pro se plaintiff against Defendant Google LLC ("Google"), largely based on Google's alleged failure to remove unfavorable online reviews posted by third parties from

JOINT STATUS REPORT – 2
(No. 2:23-cv-00939 TL)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

162925074.5

Plaintiff's Google Business Profile. Although Plaintiff's allegations in the Complaint are unclear, Plaintiff appears to allege that Google breached an unspecified contract by failing to remove such reviews, and also somehow breached the duty of good faith and fair dealing. It is Google's position that Plaintiff's Complaint should be dismissed for failure to state a claim and because Plaintiff's claims are barred by Section 230 of the Communications Decency Act. *See* Dkt. 10.

2. Consent to United States Magistrate Judge. No.

3. Proposed deadline for joining additional parties. The parties propose October 9, 2023.

4. Proposed deadline for the filing of the Motion for Class Certification. N/A.

5. Discovery Plan.

   (A) Initial Disclosures. Initial disclosures were exchanged on August 9, 2023. *See* Dkt. 9.

   (B) Subjects, Timing, and Potential Phasing of Discovery. In the event this case survives Google's motion to dismiss, the parties anticipate normal discovery, including written discovery and depositions related to liability, damages, and Google's affirmative defenses. The parties anticipate that the scope of discovery will be narrow, and that discovery can likely be completed in six months. The parties do not see a need for phasing discovery at this time.

   (C) Issues About Discovery or Electronically Stored Information ("ESI"). The parties agree to preserve relevant ESI that is also proportional to the needs of the case. The parties do not anticipate complications with respect to the discovery of ESI. The parties do not currently see a need for entry of an ESI protocol.

JOINT STATUS REPORT – 3
(No. 2:23-cv-00939 TL)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

162925074.5

|   |     |                                                                                                                                                                                                                                              |
|---|-----|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|   | (D) | Privilege Issues. The parties do not anticipate any abnormal privilege issues.                                                                                                                                                               |
|   | (E) | Changes to Discovery Limitations. The parties do not anticipate any changes to the limits on discovery set forth in the Federal Rules of Civil Procedure and the Local Civil Rules.                                                          |
|   | (F) | Need for Discovery-Related Orders. The parties anticipate proposing a stipulated protective order for entry by the Court. No other discovery-related orders are anticipated at this time.                                                    |

6. Local Civil Rule 26(f)(1):

   (A) Prompt Case Resolution.

   (i) Plaintiff's Statement: Google LLC has yet to make an offer or start a conversation for Settlement which I am willing to discuss and consider if one is made.

   (ii) Defendant's Statement: Defendant does not believe that this case is ripe for prompt case resolution at this time given Defendant's pending motion to dismiss, but is amenable to considering case resolution at a later time should this case proceed past the pleading stage.

   (B) Alternative Dispute Resolution.

   (i) Plaintiff's Statement: Plaintiff does not want to pursue alternative dispute resolution.

   (ii) Defendant's Statement: Defendant does not believe that this case is ripe for alternative dispute resolution at this time given Defendant's pending motion to dismiss, but is amenable to considering alternative dispute resolution at a later time should this case proceed past the pleading stage.

   (C) Related Cases. None.

JOINT STATUS REPORT – 4
(No. 2:23-cv-00939 TL)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

162925074.5

  (D) <u>Discovery Management</u>.  The parties believe that discovery should be managed as provided for in the Federal Rules of Civil Procedure and the Local Civil Rules. The parties do not seek additional management on discovery issues at this time but may seek an order or other guidance from the Court should the need arise.

  (E) <u>Anticipated Discovery Sought</u>.  Should this case proceed past the pleading stage, the parties anticipate discovery pursuant to the Federal Rules of Civil Procedure 30, 33, 34, and 36, and anticipate minimal third-party discovery.

  (F) <u>Phasing Motions</u>. Defendant believes that its pending motion to dismiss resolves the case, and thus should be decided before any other motions. The parties do not otherwise see a need for phasing motions.

  (G) <u>Preservation of Discoverable Information</u>.  The parties do not foresee issues with the preservation of or production of ESI, subject to any applicable objection or privilege.

  (H) <u>Privilege Issues.</u>  The parties do not foresee disputes regarding privilege during the course of discovery but will work cooperatively to address any such issues should they arise.

  (I) <u>Model Protocol for Discovery of ESI</u>.  This case may involve limited ESI. The parties currently do not anticipate the need for a protocol for discovery of ESI.

  (J) <u>Alternatives to the Model Protocol</u>.  Not applicable.

7. <u>Discovery Completion</u>.  The parties believe that discovery can be completed 90 days prior to trial.

8. <u>Bifurcation</u>.  The parties do not believe bifurcation of liability and damages are necessary in this case at present. The parties, however, reserve the right to seek bifurcation.

JOINT STATUS REPORT – 5
(No. 2:23-cv-00939 TL)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

162925074.5

9. <u>Pretrial Statements</u>.  At this time, the parties agree that they will comply with, and not dispense with, pretrial statements and the pretrial order, but reserve the right to seek leave to dispense with such statements at an appropriate time prior to trial.

10. <u>Individualized Trial Program</u>.  The parties do not believe that the Individualized Trial Program is appropriate for this case.

11. <u>Alternative Dispute Resolution</u>.

   (A) <u>Plaintiff's Statement</u>:  Plaintiff does not want to pursue alternative dispute resolution.

   (B) <u>Defendant's Statement</u>:  Defendant does not believe that this case is ripe for alternative dispute resolution at this time given Defendant's pending motion to dismiss, but is amenable to considering alternative dispute resolution at a later time should this case proceed past the pleading stage.

12. <u>Suggestions for Shortening or Simplifying the Case</u>.  The parties currently have no specific suggestions for shortening or simplifying the case while Defendant's motion to dismiss is pending.

13. <u>Trial Readiness</u>.  July 8, 2024.

14. <u>Jury Trial</u>.  Yes.

15. <u>Trial Days Required</u>.  The parties estimate approximately 5 trial days will be required.

16. <u>Names, Addresses, and Telephone Numbers of All Trial Counsel</u>.

   (A) <u>Plaintiff</u>:

   Plaintiff is a sole proprietorship owned by Dale Corner proceeding pro se

   (B) <u>Defendant</u>:

   Sunita Bali, *Pro Hac Vice Forthcoming*
   Cara Wallace, WSBA #50111
   Perkins Coie LLP 1201 Third Avenue, Suite 4900
   Seattle, WA 98101
   Phone: (206) 359-8000

JOINT STATUS REPORT – 6
(No. 2:23-cv-00939 TL)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

162925074.5

17. Trial Date Conflicts.

    (A) <u>Plaintiff</u>: I currently have no conflict with trial date. However I would like to see it sooner if possible.

    (B) <u>Defendant</u>: December 22, 2023–January 1, 2024, March 29–31, 2024, May 6–June 21, 2024, July 19–21, 2024

18. Service.

    (A) <u>Plaintiff's Statement</u>: Tacit acceptance via removal and acting as if the client had been appropriately served. The improper service motion should have been filed at the superior court level as to not needlessly burden the federal court system. The claim is apparent even though defendant claims ignorant and has also tacitly accepted a claim exists by acting as though one does. This via removal and filing a motion for dismissal based on of Title 47 of the United States Code Section 230(c)(1). Defendants main defensive claim.

    (B) <u>Defendant's Statement</u>: Prior to removal, Plaintiff brought suit against Defendant in Washington state court but Defendant was not properly served under Washington Civil Rule 4 and RCW 4.28.180. On June 29, 2023, Defendant moved the Court for dismissal, including on grounds of improper service. *See* Dkt. 10. Defendant also has not been served pursuant to Federal Rules of Civil Procedure 4 and 5.

19. <u>Scheduling Conference</u>. The parties do not anticipate the need for a scheduling conference.

20. <u>Nongovernmental Corporate Disclosures</u>.

    (A) <u>Plaintiff</u>: Not applicable.

    (B) <u>Defendant</u>: Defendant Google LLC filed a corporate disclosure statement on June 22, 2023. *See* Dkt. 4.

JOINT STATUS REPORT – 7
(No. 2:23-cv-00939 TL)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

162925074.5

21. <u>Certification regarding Judge Lin's Chambers Procedures, the Local Rules, General Orders, and the Applicable Electronic Filing Procedures</u>.

    (A)    <u>Plaintiff's Statement</u>:  See attached Appendix A.

    (B)    <u>Defendant's Statement</u>:  Defendant Google LLC's counsel certify that they have reviewed Judge Lin's Chambers Procedures, the Local Rules, General Orders, and the applicable Electronic Filing Procedures.

22. <u>Certification regarding Judge Lin's Standing Order Regarding 28 U.S.C. § 455 and Canon 3 of the Code of Conduct for United States Judges</u>.

    (A)    <u>Plaintiff's Statement</u>:  See attached Appendix A.

    (B)    <u>Defendant's Statement</u>:  Defendant Google LLC's counsel certify that they have reviewed Judge Lin's Standing Order Regarding 28 U.S.C. § 455 and Canon 3 of the Code of Conduct for United States Judges.

Dated: August 23, 2023

By: <u>s/ Cara Wallace</u>[1]
Cara Wallace, Bar No. 50111
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
CWallace@perkinscoie.com

Sunita Bali, Bar No. 274108 (*Pro Hac Vice application forthcoming*)
**Perkins Coie LLP**
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050
SBali@perkinscoie.com

---

[1] Ms. Wallace met and conferred with Plaintiff between July 24, 2023 and August 22, 2023 and Plaintiff has approved the content of this report. Plaintiff's signature is not affixed to this report, however, because Plaintiff did not respond to Ms. Wallace's request seeking authorization to sign the report on his behalf.

JOINT STATUS REPORT – 8
(No. 2:23-cv-00939 TL)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

162925074.5

*Attorneys for Defendant GOOGLE LLC*

By: _____
Dale Jake Corner
22823 - 14th Pl. West
Bothell, WA 98021

Pro Se Plaintiff

JOINT STATUS REPORT – 9
(No. 2:23-cv-00939 TL)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

162925074.5

# Appendix A

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CORNER COMPUTING SOUTIONS SP, | No 2:23-cv-00939 TL |
| Et al., | CERTIFICATION OF REVIEW AND COMPLIANCE |
| Plaintiff, | |
| v. | |
| GOOGLE LLC, | |
| Defendant. | |

I, Dale Jake Corner, Sole Proprietor of CORNER COMPUTING SOLUTIONS (Operating Name) and plaintiff as Pro Se in Case Number 2:23-cv-00930 do hereby certify as follows:

1. I have reviewed Judge Lin's Chamber Procedures, the Local Rules, General Orders, and applicable Electronic Filing Procedures.

2. I have reviewed Judge Lin's Standing Order Regarding 28 U.S.C § 455 and Canon 3 of the Code of Conduct for United States Judges.

Dated this day 7 16 2023 @ 5:52PM PST

Signed Dale Jake Corner in Bothell Washington

22823 14nth pl west Bothell Washington Mailing Address

Phone: 1 206 853 5207

Signature:

# CERTIFICATE OF SERVICE

I certify that on August 23, 2023, I electronically filed JOINT STATUS REPORT with the Clerk of the Court using the CM/ECF system.

And I hereby certify that I have caused the following non-CM/ECF participant to be served the foregoing by the method indicated:

| | |
|---|---|
| Dale Jake Corner<br>22823 - 14th Pl. West<br>Bothell, WA 98021 | ___ Via hand delivery<br>_X_ Via U.S. Mail, 1st Class, Postage Prepaid<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>___ Via Email<br>___ Other: _____ |

Dated: August 23, 2023

By: *s/ Cara Wallace*
Cara Wallace, Bar No. 50111
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
CWallace@perkinscoie.com

CERTIFICATE OF SERVICE
(No. 2:23-cv-00939 TL)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

162925074.5