UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORNER COMPUTING SOLUTIONS; and DALE JAKE CORNER,<br><br>          Plaintiff,<br><br>     v.<br><br>GOOGLE LLC,<br><br>          Defendant. | CASE NO. 2:23-cv-00939-TL<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court *sua sponte* (on its own motion). Defendant Google has removed a case filed by Plaintiff Dale Jake Corner on behalf of himself and Corner Computing Solutions SP, a sole proprietorship he owns (referred to collectively as "Plaintiff") (Dkt. No. 6 at 4) in Snohomish County Superior Court on diversity jurisdiction grounds. Dkt. No. 1 at 2; Dkt. No. 1-2 at 1. Plaintiff, proceeding *pro se* (without an attorney)[1] alleges:

---

[1] As a sole proprietorship, Corner Computing Solutions does not require separate counsel. *Amana Glob. Co. v. King Cnty.*, No. C21-35537, 2021 WL 4843878, at *1, n.1 (9th Cir. Oct. 18, 2021) (noting that "an individual owner may represent his sole proprietorship in a pro se capacity because a sole proprietorship has no legal existence apart from its owner" (internal citation omitted)).

ORDER TO SHOW CAUSE - 1

(1) breach of contract thorough "negligence in the inappropriate handling of the Google AdWords account" for Corner Computing Solutions; (2) failure to remove "spurious origin and 'Prohibited and Restricted Content' reviews;" (3) unfair refusal to remove those reviews "for 5 or more months;" and (4) a ban on the "DALEJAKECORNER" account "without pre notification or communication." Dkt. No. 1-2 at 1–2. . For these alleged violations, Plaintiff requests relief in the amount of "150 Million United States Dollars." Dkt. No. 1-2 at 3; Dkt. No. 1 at 2.

Federal courts have limited jurisdiction and must ensure that they have subject matter jurisdiction of all matters before them. *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). A defendant may remove cases that fall within a federal court's original jurisdiction. 28 U.S.C. § 1441(a). However, "[r]emoval and subject matter jurisdiction statutes are strictly construed, and a defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (internal citations and quotation omitted).

Courts generally look to the operative complaint to establish the amount in controversy. *See, e.g.*, *Mollett v. Aerotek*, No. C20-6168, 2021 WL 1783339, at *2 (W.D. Wash. May 5, 2021).

The removing party bears the burden of establishing that the amount in controversy "more likely than not" exceeds the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *see also Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1069 (9th Cir. 2021). The Ninth Circuit has "identified at least three different burdens of proof which might be placed on a removing defendant under varying circumstances:" (1) it appears to a "legal certainty" that the plaintiff cannot actually recover the amount alleged in the

complaint; (2) the face of the complaint is unclear or unambiguous as to the amount in controversy; and (3) the complaint alleges an amount in controversy lower than the jurisdictional threshold. *Guglielmino*, 506 F.3d at 699 (internal citations and quotations omitted). The Court is not satisfied that Plaintiff can recover the monetary amount requested in the complaint.

Accordingly, the Court ORDERS Defendant to show cause why this action should not be remanded **within fourteen (14) days of this Order** (*i.e.*, **by November 29, 2023**), with legal authorities and factual bases supporting its assertions that the amount in controversy, if Plaintiff succeeds on all claims, could exceed $75,000 as required under 28 U.S.C § 1332(a). Plaintiff may submit one response to this Order **by no later than December 6, 2023**. No replies will be allowed. Both briefs are limited to 2,100 words. Alternatively, Defendant may stipulate to a remand.

Dated this 15th day of November 2023.

Tana Lin
United States District Judge