1
2
3
4
5
6
7
8

THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   CORNER COMPUTING SOLUTIONS SP, et al.,

No. 2:23-cv-00939 TL

10                              Plaintiff,

DEFENDANT GOOGLE'S
RESPONSE TO THE ORDER TO
SHOW CAUSE

11          v.

12   GOOGLE LLC,

13                              Defendant.

14

## I.     INTRODUCTION

Plaintiff Jake Corner and/or Corner Computing Solutions SP ("Plaintiff")[1] brings breach of contract and/or breach of the implied covenant of good faith and fair dealing claims against Defendant Google LLC ("Google"). Plaintiff seeks to hold Google liable for unfavorable online reviews posted by third parties about Plaintiff's business, and for allegedly banning Plaintiff's online account with VirusTotal, which is not a service offered by Google.[2] He requests more than $75,000 in damages in his complaint. Compl. ¶ 3, Dkt. No. 1-2. Plaintiff is a citizen of Washington, while Google is incorporated and has its primary place of business in a different state. Dkt. No. 1

---

[1] The Complaint is ambiguous as to whether this action is brought on behalf of the entity Corner Computing Solutions SP, individually on behalf of its alleged sole proprietor, Jake Corner, or on behalf of both. For purposes of this motion, unless otherwise noted, Defendant Google LLC refers to both the entity and individual collectively as Plaintiff.

[2] Google acknowledges there is a corporate relationship between Google LLC and VirusTotal. *See* Dkt Nos. 10, 12 (moving to dismiss VirusTotal claims because Plaintiff does not plausibly allege Google played any role in any alleged actions taken with respect to Plaintiff's VirusTotal account).

DEFENDANT GOOGLE'S RESPONSE TO THE
ORDER TO SHOW CAUSE – 1
(No. 2:23-cv-00939 TL)

164571657

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

at 1–2; Dkt. No. 1-1. Accordingly, Google respectfully requests that the case not be remanded because the Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## II.     BACKGROUND

### A.     SUMMARY OF PLAINTIFF'S ALLEGED DAMAGES

Plaintiff requests "150 Million United States Dollars" in "relief and compensation" due to the alleged breach of contract. Compl. ¶ 3. These damages are for "undue hardship, destruction of unrecoverable work, psychological strain, loss of business and revenue, unrecoverable damages to [Plaintiff's] good name and that of [his] business." *Id.* Additionally, Plaintiff requested injunctive relief in the form of removal of one-star reviews, reinstatement of his account and comments, and the banning of "Trolls." *Id.* Plaintiff contends that in addition to compensating Plaintiff for his damages, the requested relief will act as a deterrent for Google and other companies. *Id.*

In Plaintiff's Initial Disclosures dated August 4, 2023, Plaintiff clarifies that $50 million of the damages was for his ban from VirusTotal and the related "destruction of comments," which Plaintiff alleges contained valuable information he spent three years compiling. Declaration of Cara Wallace, Ex. A at 4–5. He states that the damages are to compensate for the "[d]estruction of unrecoverable work, loss of business revenue and unrecoverable damage to [his] good name and that of [his] business due to the account being a representation to prospective clients of [his] ability with computing of software systems." *Id.* at 5. Plaintiff states that $100 million of the damages was related to Google's alleged "breach of contract via not acting in good faith and fair dealings" that "caused undue hardship via loss of income, psychological strain, loss of business and revenue, unrecoverable damage to [his] good name and that of [his] business" as well as costs related to the lawsuit. *Id.*

### B.     PROCEDURAL BACKGROUND

Plaintiff filed his complaint in Snohomish County Superior Court on May 1, 2023. Dkt. 1-1. On May 11, Plaintiff mailed a copy of the complaint and a summons to Google in California. Dkt. 6 at 50–51. On June 22, 2023, before Google had been properly served with summons or the

DEFENDANT GOOGLE'S RESPONSE TO THE
ORDER TO SHOW CAUSE – 2
(No. 2:23-cv-00939 TL)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164571657

1   Complaint, Google filed a notice of removal based on this Court's diversity jurisdiction. Dkt. 1.

2   Google moved to dismiss the complaint on June 29, 2023, and Plaintiff did not file a response. *See*

3   Dkt. Nos. 10, 12. On August 23, 2023, the parties filed a joint status report, Dkt. No. 13, and, on

4   October 30, 2023, the Court set a case schedule, Dkt. No. 14. On November 15, 2023, the Court

5   *sua sponte* ordered Google to "show cause why this action should not be remanded" as "[t]he Court

6   is not satisfied that Plaintiff can recover the monetary amount requested in the complaint." Dkt.

7   No. 15 at 3.

8   ### III.    LEGAL STANDARD

9   Plaintiff's purported damages—to be sure—appear wildly overstated. And while Google

10  also certainly disputes the substantive merits of his claims, *see, e.g.*, Dkt. No. 10, it understands

11  this Court to have asked a narrower question: whether the Plaintiff's damages as alleged meet the

12  jurisdictional minimum required by 28 U.S.C. § 1332.

13  On that question, the Ninth Circuit has held that when the complaint pleads damages in

14  excess of $75,000, the amount in controversy requirement "is *presumptively* satisfied unless it

15  appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Guglielmino*

16  *v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citing *Sanchez v. Monumental Life Ins.*

17  *Co.*, 102 F.3d 398 (9th Cir.1996)) (emphasis added); *see also St. Paul Mercury Indem. Co. v. Red*

18  *Cab Co.*, 303 U.S. 283, 288–89 (1938) ("[T]he sum claimed by the plaintiff controls if the claim

19  is apparently made in good faith" and "[i]t must appear to a legal certainty that the claim is really

20  for less than the jurisdictional amount to justify dismissal"); *Brown v. Amica Mut. Ins. Co.*, No.

21  2:23-cv-00118-JHC, 2023 WL 2413729, at *1 (W.D. Wash. Feb. 3, 2023) ("Generally, the amount

22  in controversy is determined from the face of the pleadings." (citing *Pachinger v. MGM Grand*

23  *Hotel–Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986))).

24  The Ninth Circuit has also stated that where the claim was originally filed in state court

25  and removed, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in

26  order to confer jurisdiction on a federal court or that the parties have colluded to that end." *Brown*,

DEFENDANT GOOGLE'S RESPONSE TO THE
ORDER TO SHOW CAUSE – 3
(No. 2:23-cv-00939 TL)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164571657

2023 WL 2413729, at *1 n.1 (quoting *St. Paul Mercury Indem. Co.*, 303 U.S. at 290). Here, the strong presumption applies as Plaintiff filed in state court and, therefore, had no jurisdictional incentive to allege the damages he claims.

## IV.    ARGUMENT

### A.    IT IS NOT "LEGALLY CERTAIN" THAT THE AMOUNT IN CONTROVERSY IS LESS THAN THE JURISDICTIONAL MINIMUM

With these standards in mind, Google—as it must for purposes of this briefing—takes Plaintiff's Complaint at face-value. And Plaintiff has plainly pleaded damages exceeding $75,000: his prayer for relief alleges he is entitled to $150 million.[3] And given that Plaintiff filed this action in state court, there is a presumption that the amount in controversy, as pleaded, was not alleged solely for the purpose of conferring jurisdiction upon this Court. Thus, the question before the Court is whether—*assuming Plaintiff were to prevail on his claims*—it is "legally certain" that he would recover less than the jurisdictional minimum.

On this question—and taking the allegations in the complaint as pleaded—Google cannot represent that a recovery of less than $75,000 is "legally certain." Distilling Plaintiff's Complaint to the most basic level, he alleges that he has lost valuable business information that he spent three years compiling, along with goodwill and business revenue. While it certainly strains credulity to believe that compensation for such alleged losses would be anywhere near the $150 million asserted, it is not obvious from the face of the Complaint that the amount of these types of damages, if awarded to Plaintiff, would fall below the jurisdictional minimum.

### B.    GOOGLE'S LEGAL DEFENSES IN THIS ACTION ARE NOT RELEVANT TO THE AMOUNT IN CONTROVERSY FOR PURPOSES OF JURISDICTION

The legal certainty test permits courts to disregard the amount demanded when a rule of law or limitation on damages makes "it virtually impossible for a plaintiff to meet the amount-in-

---

[3] Additionally, Plaintiff has requested various forms of injunctive relief, including an order requiring Google to ban trolls. This relief is "measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Because Plaintiff has plainly alleged more than $75,000 in dispute, Google need not value the injunctive relief here, though it is not hard to imagine such an injunction imposing costs that far exceed $75,000 required under 28 U.S.C. § 1332.

DEFENDANT GOOGLE'S RESPONSE TO THE
ORDER TO SHOW CAUSE – 4
(No. 2:23-cv-00939 TL)

164571657

controversy requirement." *Pachinger*, 802 F.2d at 363; *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (describing the test as a "mechanical system"). However, the Ninth Circuit has cautioned that defenses to the claims may not be considered when making such a determination. *Perez v. Alta-Dena Certified Dairy, LLC*, 647 F. App'x 682, 684 (9th Cir. 2016) (A "potential defense does not reduce the amount in controversy for purposes of establishing federal jurisdiction."); *see also St. Paul Mercury Indem. Co.*, 303 U.S. at 292 ("[T]he fact that it appears from the face of the complaint that the defendant has a valid defense, if asserted, to all or a portion of the claim . . . will not justify remand.").

Google agrees with the Court's concern that, ultimately, Plaintiff will not be able to recover any amount of damages near the $150 million claimed. In addition to the legal defenses raised in Google's motion to dismiss, there are certain categories of alleged damages that Plaintiff will plainly not be entitled to seek.

Plaintiff, for example, cannot recover for "psychological strain" as there is no legal basis for emotional distress damages in contract actions under California law. *Smith v. Wolf*, No.: 3:20-cv-01409-JAH-JLB, 2022 WL 17573917, at *2 (S.D. Cal. Nov. 14, 2022) (finding that emotional distress damages are not recoverable in breach of contract cases unless the express object of the contract was the emotional wellbeing of one of the parties); *see also Doscher v. Swift Transp. Co.*, No. C09-5582-RJB, 2010 WL 11527167, at *7 (W.D. Wash. Jan. 7, 2010) (holding there was no legal basis for emotional distress damages under Washington law). Nor can he seek punitive damages in a contract action.[4] *Cates Constr., Inc. v. Talbot Partners*, 980 P.2d 407, 427–28 (Cal. 1999) ("In the absence of an independent tort, punitive damages may not be awarded for breach of contract even where the defendant's conduct in breaching the contract was willful, fraudulent, or malicious."); *see also See Cutter v. Biomet, Inc.*, No. 3:18-cv-06033-RBL, 2019 WL 2450785,

---

[4] Plaintiff states that in addition to remedying the alleged wrong to him and his business, the damages would "create good reason for Google LLC and other companies engaged in the same kind of business incentive not to conduct this negative activity again, or in the future." Compl. ¶ 3. It appears that Plaintiff is alleging that the damages would serve a punitive purpose in addition to being recovery for the harm he allegedly experienced.

DEFENDANT GOOGLE'S RESPONSE TO THE
ORDER TO SHOW CAUSE – 5
(No. 2:23-cv-00939 TL)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164571657

1    at *2 (W.D. Wash. June 12, 2019) (under Washington law, punitive damages are not recoverable

2    unless expressly authorized by statute).

3        There are additional legal defenses that Plaintiff will also face, based on Google's Terms

4    of Service, which limit Google's total liability to the greater of (1) $200 or (2) the fees paid to use

5    the relevant services in the 12 months before the dispute. Wallace Decl. ¶ 4. Moreover,

6    VirusTotal's terms of service include a limitation of liability provision that prohibits recovery from

7    VirusTotal or its parents and affiliates for any direct, indirect, incidental, special, consequential,

8    exemplary or punitive damages. *Id.*

9        The Ninth Circuit, however, has instructed that when applying the "legal certainty" test for

10   purposes of evaluating the jurisdictional minimum, neither contractual limits on recovery, nor

11   other defenses to the amount demanded, should reduce the amount in controversy for the removal

12   analysis. *Geographic Expeditions, Inc. v. Est. of Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010); *see*

13   *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 (9th Cir. 2020) (differentiating statutory limits

14   on damages from affirmative defenses); *id.* at 772 (holding that "'[A]mount at stake' does not

15   mean likely or probable liability; rather, it refers to possible liability."). Thus, neither Google nor

16   VirusTotal's terms of service should be considered when evaluating Plaintiff's requested damages.

## V.    CONCLUSION

18        In short, while Google certainly shares the Court's concerns regarding the ultimate merits

19   of Plaintiff's damages claimed, remand is appropriate only if it is "legally certain" that any

20   recovery would not meet the jurisdictional minimum. *See Greene*, 965 F.3d at 772. For all of the

21   foregoing reasons, Google, respectfully submits that the Court has jurisdiction over this matter

22   pursuant to 28 U.S.C. § 1332 and removal was proper.

23

24

25

26

DEFENDANT GOOGLE'S RESPONSE TO THE
ORDER TO SHOW CAUSE – 6
(No. 2:23-cv-00939 TL)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164571657

1    RESPECTFULLY SUBMITTED this 29th day of November, 2023.

2

3 *I certify that this memorandum contains 2,080* s/Cara Wallace
 *words, in compliance with the Local Civil* Cara Wallace, WSBA No. 50111
4 *Rules.* **Perkins Coie LLP**
    1201 Third Avenue, Suite 4900
5    Seattle, WA  98101-3099
    Telephone:  206.359.8000
6    Facsimile:  206.359.9000
    E-mail:  CWallace@perkinscoie.com

7

8    Attorneys for Defendant Google LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT GOOGLE'S RESPONSE TO THE
ORDER TO SHOW CAUSE – 7
(No. 2:23-cv-00939 TL)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164571657

1

**CERTIFICATE OF SERVICE**

2      I certify that on November 29, 2023, I electronically filed DEFENDANT GOOGLE'S

3   RESPONSE TO THE ORDER TO SHOW CAUSE with the Clerk of the Court using the CM/ECF

4   system.

5      And I hereby certify that I have caused the following non-CM/ECF participant to be served

6   the foregoing by the method indicated:

7

8   Dale Jake Corner                    ___    Via hand delivery
    22823 - 14th Pl. West              _X_    Via U.S. Mail, 1st Class, Postage Prepaid
9   Bothell, WA 98021                   ___    Via Overnight Delivery
                                        ___    Via Facsimile
10                                      ___    Via Email
                                        ___    Other: _____
11

12      DATED this 29th day of November, 2023.

13                                          s/Cara Wallace
                                            Cara Wallace, WSBA No. 50111
14                                          **Perkins Coie LLP**
                                            1201 Third Avenue, Suite 4900
15                                          Seattle, WA  98101-3099
                                            Telephone:  206.359.8000
16                                          Facsimile:  206.359.9000
                                            E-mail:  CWallace@perkinscoie.com
17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE
(No. 2:23-cv-00939 TL)

164571657