UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORNER COMPUTING SOLUTIONS and DALE JAKE CORNER,<br><br>　　　　　　　Plaintiff,<br>　　v.<br>GOOGLE LLC,<br><br>　　　　　　　Defendant. | CASE NO. 2:23-cv-00939-TL<br><br>ORDER ON MOTION TO DISMISS |

　　　This is an action for breach of contract and breach of the covenant of good faith and fair dealing related to online business reviews. This matter is before the Court on Defendant Google LLC's Motion to Dismiss for Failure to State a Claim and Insufficient Service of Process. Dkt. No. 10. Plaintiff Corner Computing Solutions (owned by Plaintiff Dale Jake Corner) never responded to the motion. Having reviewed Defendant's reply (Dkt. No. 12) and the relevant record, and finding oral argument unnecessary, *see* LCR 7(b)(4), the Court GRANTS IN PART and DENIES IN PART the motion with leave to amend and serve process.

## I. BACKGROUND

Plaintiff Dale Jake Corner filed this case on behalf of himself and Corner Computing Solutions SP, a sole proprietorship he owns (referred to collectively as "Plaintiff") (Dkt. No. 6 at 4) in Snohomish County Superior Court on May 1, 2023 (*id.* at 5–6). Defendant Google removed the case to federal court on June 22, 2023, based on diversity jurisdiction. Dkt. No. 1 at 1–2.

Plaintiff is proceeding *pro se* (without an attorney) and seeks $150 million for breach of contract relating to a Google AdWords account and Google reviews of Corner Computing Solutions. Dkt. No. 1-2. While the Complaint is somewhat unclear, Plaintiff appears to bring claims for breach of contract and breach of the covenant of good faith and fair dealing for: (1) "refusing to remove spurious 'Fake Engagement' and or 'Misrepresentation' reviews" and "refus[ing] to remove the 'Prohibited and Restricted Content' reviews" on a Google business account; and (2) "bann[ing] [Plaintiff's] Virus Total account without pre notification or communication" *Id.* at 1–2; *see also* Dkt. No. 6 at 12–48 (exhibits to complaint). Defendant now brings the instant motion to dismiss. Dkt. No. 10.

## II. LEGAL STANDARD

### A. Motion to Dismiss for Failure to State a Claim

A defendant may seek dismissal when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion to dismiss, the Court takes all well-pleaded factual allegations as true and considers whether the complaint "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient, a claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 672. "When reviewing a dismissal pursuant to Rule . . . 12(b)(6), 'we accept as true all facts alleged in the complaint and construe them in the light most favorable to plaintiff[ ], the non-moving party.'" *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1122 (9th Cir. 2019) (alteration in original) (quoting *Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1156–57 (9th Cir. 2017)).

A *pro se* complaint must be "liberally construed" and held "to less stringent standards than formal pleadings drafted by lawyers." *E.g.*, *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 & n.4 (9th Cir. 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Even so, a court should "not supply essential elements of the claim that were not initially pled." *E.g.*, *Henderson v. Anderson*, No. C19-789, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (quotation marks omitted) (quoting *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))).

"[I]t is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) (internal citations omitted). Still, "[a] district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam)) (district court erred by failing to explain deficiencies of a *pro se* prisoner civil rights complaint and dismissing without leave to amend).

**B.    Motion to Dismiss for Insufficient Service of Process**

A defendant may also seek dismissal when a plaintiff makes insufficient service of process. Fed. R. Civ. P. 12(b)(5). It is the plaintiff's responsibility to ensure that the summons and complaint are served within ninety (90) days after filing the complaint. Fed. R. Civ. P. 4(c)(1), (m). While "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of a complaint," even where defendants have actual notice of a lawsuit, a district court cannot exercise personal jurisdiction over defendants who have not been served "in substantial compliance with Rule 4." *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *cert. denied*, 484 U.S. 870 (1987), and *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)).

With regard to *pro se* litigants, "[t]he Ninth Circuit has held that failure to strictly comply with service requirements does not warrant dismissal if: '(a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if [their] complaint were dismissed.'" *DiMaio v. Cnty. of Snohomish, Dep't of the Sheriff*, No. C17-128, 2017 WL 3288177, at *3 (W.D. Wash. Aug. 2, 2017) (quoting *Borzeka v. Heckler*, 739 F.3d 444, 447 (9th Cir. 1984) (additional citation omitted)).

"If the plaintiff is unable to satisfy [their] burden of demonstrating effective service, the court has broad discretion to either dismiss the complaint or quash the attempted service of process." *DiMaio*, 2017 WL 3288177, at *4 (citing *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006)). "Where there is a reasonable prospect that service may yet be accomplished and no unfair prejudice to the defendant, a court should quash service rather than dismiss the action, and permit the plaintiff to effect proper service." *Id.* (citing *Wick Towing, Inc.*

ORDER ON MOTION TO DISMISS - 4

*v. Northland*, No. C15-1864, 2016 WL 3461587, at *2 (W.D. Wash. June 21, 2016)). In exercising its discretion, "the court may consider factors such as the length of delay in proper service, the statute of limitations, prejudice to the defendant, actual notice of the lawsuit, and eventual service." *Id.* (citing *Efaw v. Williams*, 473 F.3d 1038, 1040–41 (9th Cir. 2007)).

### III. DISCUSSION

Defendant makes two arguments for dismissal. Dkt. No. 10 at 10–17. First, Defendant argues that Plaintiff has not stated a claim for relief. *Id.* at 10–16. Second, Defendant argues that Plaintiff did not effectuate proper service. *Id.* at 16–17. The Court considers each in turn.

**A.   Preliminary Matter**

Local Civil Rule 7(b)(2) provides that, outside of the summary judgment context, "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Because Plaintiff failed to respond, all of Defendant's arguments are deemed to have merit.

Further, a plaintiff's case can be dismissed for failure to follow a district court's local rules of procedure. *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (affirming district court's granting of defendants' motion to dismiss where plaintiff failed to file an opposition to defendants' motion). However, a court is required to weigh several factors before dismissing an action for such a failure: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases [on] their merits; and (5) the availability of less drastic sanctions." *Id.* at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)). While the Court will not dismiss this case this time, Plaintiff is cautioned that future failures to follow procedural rules may result in sanctions, up to and including dismissal of his case.

B.  **Failure to State a Claim**

Defendant argues that Plaintiff fails to state a claim for relief for two reasons: (1) Plaintiff fails to allege the elements of his contract claims (*see* Dkt. No. 10 at 10–12); and (2) Defendant is immune from liability under Section 230 of the Communications Decency Act ("CDA") (*id.*).

Here, the Court finds that Plaintiff has failed to allege the elements of his contract claims. Whether California or Washington law applies,[1] for purposes of this motion, the elements of a breach of contract claim are essentially the same: (1) existence of a contract, (2) breach of that contract, and (3) damages. *Compare Wall St. Network, Ltd. v. N.Y. Times Co.*, 80 Cal. Rptr. 3d 6, 12 (Cal. Ct. App. 2008), *with Univ. of Wash. v. Gov't Emps. Ins. Co.*, 200 Wn. App. 455, 467, 404 P.3d 559 (2017). While Plaintiff generally alleges the existence of a contract, he does not include the contract itself or the terms that were allegedly breached. Without this information, the Court cannot assess the sufficiency of Plaintiff's claims. *See Engage BDR v. GoDaddy*, No. C21-2014, 2021 WL 8820555, at *2 (C.D. Cal. Sept. 23, 2021) ("A complaint for breach of contract must include the contract itself or plead its essential terms. . . . [and] must identify the specific provision of the contract allegedly breached by the defendant." (internal citation and quotation marks omitted)); *McClellon v. Citigroup Glob. Mkts.*, No. C18-978, 2018 WL 5808440, at *5 (W.D. Wash. Nov. 6, 2018) ("While [plaintiff] asserts that [defendant] 'breached the contract,' he does not provide any specific information regarding the relevant contract or the provisions at issue."). The Court will not supply essential elements of a claim that were not initially pled. *Bruns*, 122 F.3d at 1257.

---

[1] Neither Party clearly identifies what law should govern this action. Plaintiff did not respond to the motion and makes no argument for choice of law in the Complaint, and Defendant cites both California and Washington law. *See* Dkt. No. 1-2; Dkt. No. 10 at 10–11.

However, the Court also finds that Plaintiff may be able to cure these deficiencies with an amended complaint. Defendant acknowledges that "the Ninth Circuit recognizes a Section 230 carve-out for claims sounding in breach." Dkt. No. 10 at 14 n.7. After all, Section 230 "precludes liability when the duty the plaintiff alleges the defendant violated derives from the defendant's status or conduct as a publisher or speaker," but in any contract case, "the duty the defendant allegedly violated springs from a contract—an enforceable promise—not from any non-contractual conduct or capacity of the defendant." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1107 (9th Cir. 2009) (internal citation omitted); *see also id.* at 1109 (holding that Section 230 did not preclude a breach of contract claim under theory of promissory estoppel). While Defendant contends that "the applicable terms of service do not obligate [Defendant] to remove reviews" (Dkt. No. 10 at 11), Defendant also states elsewhere that it is "not clear" (*id.*) what policy is at issue or whether any such policy obligates Defendant to remove reviews at Plaintiff's request. In any case, the Court cannot say that amendment would be futile without the benefit of Plaintiff identifying the contractual provisions that were allegedly breached and subsequent briefing on a motion to dismiss or other proceedings. Defendant's request for judicial notice of its various Terms of Service is thus STRICKEN as moot. *See* Dkt. No. 10 at 8 n.4.

Therefore, as to Plaintiff's failure to state a claim, Defendant's motion is GRANTED. The Complaint is DISMISSED with leave to amend.

**C.     Insufficient Service of Process**

Defendant also argues that Plaintiff has made insufficient service of process because he did not personally serve Defendant as required by Washington law. Dkt. No. 10 at 17. Defendant further argues that the summons it received by mail was defective. *Id.*

"When a case is removed from state court to federal court, the question whether service of process was sufficient prior to removal is governed by state law." *Whidbee v. Pierce Cnty.*,

857 F.3d 1019, 1023 (9th Cir. 2017). Defendant argues that Plaintiff did not comply with requirements for service on out-of-state defendants, which "may be made by personally serving the defendant outside this state." RCW 4.28.185(2); *see also* RCW 4.28.180 (specifying form and method of "personal service" on out-of-state defendant); *Ralph's Concrete Pumping, Inc. v. Concord Concrete Pumps, Inc.*, 154 Wn. App. 581, 585–86, 225 P.3d 1035 (2010) (reviewing these statutes). Personal service in this manner "shall be valid only when an affidavit is made and filed to the effect that service cannot be made within the state." RCW 4.28.185(4); *see Ralph's Concrete Pumping*, 154 Wn. App. at 591 ("If there is no compliance with the affidavit requirement of RCW 4.28.185(4), personal jurisdiction does not attach to the defendant and the judgment is void.").

Here, Plaintiff has plainly not made proper service on Defendant. Plaintiff served Defendant by certified mail (*see* Dkt. No. 6 at 50–54), but Washington law requires personal service. *See* Dkt. No. 6 at 50–54 (return of service); RCW 4.28.185(2); *see also Ralph's Concrete Pumping*, 154 Wn. App. at 690 (holding service on foreign corporation insufficient when made by mail and not personally). Moreover, the summons does not comply with Washington Civil Rule 4(b)(2), which sets out the form of a proper summons. For example, the summons includes the wrong return time (21 days instead of 20 days) and describes the Federal Rules of Civil Procedure, which did not apply to the action when it was filed in state court.

Further, Plaintiff's service is not excusable. While Defendant has actual notice of the action (as demonstrated by its removal to this Court) and does not appear to be prejudiced in any way, "Plaintiff has not provided *any* cause for their failure to personally serve Defendants, let alone a justifiable excuse for that failure." *Perry v. White*, No. C22-477, 2023 WL 7496384, at *2 (W.D. Wash. Nov. 13, 2023) (emphasis in original); *see also DiMaio*, 2017 WL 3288177, at *4 (finding "inadvertent error or lack of knowledge of the governing rules" not a justifiable

excuse). Moreover, "[a]s Plaintiff failed to respond to Defendant's motion, Plaintiff also has not provided any argument as to the final factor." *Perry*, 2023 WL 7496384, at *2.

However, the Court will exercise its discretion to quash service (instead of dismissing the action) and grant Plaintiff another opportunity to properly serve Defendant. *See DiMaio*, 2017 WL 3288177, at *5 (quashing attempted service and granting additional time to properly serve); *Ritchie Bros. Auctioneers (Am.) Inc. v. Suid*, No. C17-1481, 2018 WL 721663, at *11 (W.D. Wash. Feb. 6, 2018) (same). As noted above, Defendant has actual notice of this action as demonstrated by its removal to this Court, and it does not argue that it would suffer any prejudice by a second attempt at service. While Plaintiff has not shown good cause for his failure to timely serve Defendant, he did attempt to serve Defendant just 10 days after commencing the action. *See* Dkt. No. 6 at 50 (noting attempted service on May 11, 2023). There is no reason to believe that Plaintiff cannot make proper service if given a second opportunity.

Therefore, as to Plaintiff's service of process, Defendant's motion is GRANTED IN PART and DENIED IN PART. Plaintiff's attempted service is QUASHED, and Plaintiff shall be given another opportunity to properly serve Defendant in compliance with Federal Rule of Civil Procedure 4(h), which governs service on a corporation. However, as the Court is dismissing without prejudice the original complaint, Plaintiff need not serve the original complaint on Defendant. Rather, Plaintiff will be required to properly serve his amended complaint in compliance with Federal Rule of Civil Procedure 4(h), should he choose to file one.

### IV. CONCLUSION

Accordingly, it is hereby ORDERED:

(1) Defendant's Motion to Dismiss for Failure to State a Claim and Insufficient Service of Process (Dkt. No. 10) is GRANTED IN PART and DENIED IN PART with leave to amend and serve process.

ORDER ON MOTION TO DISMISS - 9

(2) The Complaint is DISMISSED and Plaintiff's attempted service is QUASHED.

(3) Should Plaintiff choose to amend, Plaintiff SHALL file the First Amended Complaint ("FAC") **by March 29, 2024**. Plaintiff SHALL also properly serve Defendant with the summons and FAC, and file proof of service with the Court, **within thirty (30) days** of filing the FAC.

Dated this 28th day of February 2024.

Tana Lin
United States District Judge

ORDER ON MOTION TO DISMISS - 10